WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carol Riggs, | ) | No. CV-07-1855-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bank of America, N.A., | ) | |
| Defendant. | ) | |
| _____ | ) | |
| Bank of America, N.A., | ) | |
| Counterclaimant, | ) | |
| vs. | ) | |
| Carol Riggs, | ) | |
| Counterdefendant. | ) | |

The court has before it defendant Bank of America, N.A.'s ("BofA") motion for summary judgment (doc. 60), plaintiff Riggs' response and cross-motion for summary judgment on BofA's counterclaim[1] (doc. 73), BofA's response and reply (doc. 79), and Riggs' reply (doc. 81).

---

[1] We note that Riggs' cross-motion for summary judgment was filed outside the deadline for dispositive motions established by our Rule 16 scheduling order (doc. 16). We nevertheless allow the late filing given that BofA has fully responded to the motion, and because consideration of all claims at this juncture will promote judicial economy.

## **I**. **Background**

Riggs is a former employee of defendant BofA and is a participant in the Bank of America Group Benefits Program (the "Plan"). BofA is a wholly owned subsidiary of Bank of America Corporation ("Corporate Parent"). The Corporate Parent is the Plan sponsor. Riggs took a medical leave of absence from BofA in October 1998. She never returned to work. In 1999, she filed a constructive discharge lawsuit against BofA in state court. The parties entered into a settlement agreement in December 2002 ("settlement agreement") resolving the dispute. The settlement agreement provided for, among other things, Riggs' entitlement to continued health care benefits under the Plan. A dispute has arisen over those benefits. Riggs claims that she is entitled to the same benefits as an active employee. BofA contends that she is eligible only for supplemental Medicare benefits.

Notwithstanding the dispute, BofA has consistently provided Riggs with active employee benefits since entering into the settlement agreement. On February 22, 2006, however, BofA formally notified Riggs that she was no longer entitled to active employee benefits. BofA advised Riggs of her right to appeal that decision to the Bank of America Appeals Committee ("Appeals Committee"), the fiduciary charged with discretionary authority by the Corporate Parent to construe the terms of the Plan and resolve all questions relating to claims for benefits under the Plan.

The Appeals Committee denied Riggs' appeal, concluding that under the terms of the settlement agreement, she is only eligible for supplemental Medicare benefits. Nevertheless, the Appeals Committee delayed the implementation of its decision pending its pursuit of a declaratory judgment action in federal court, in order to confirm that its decision was correct. This court dismissed the action for lack of jurisdiction, concluding that there was no federal question jurisdiction because this was not an action under ERISA, but a dispute involving a private settlement agreement, and there was no diversity jurisdiction because the amount in controversy did not exceed the jurisdictional minimum. Bank of America Group Benefits Program v. Riggs, No. 06-CV-2805 (D. Ariz. June 28, 2007). Following dismissal, Riggs commenced this action, alleging bad faith breach of the implied covenant of good faith and

- 2 -

fair dealing. At the same time, the Appeals Committee, which is not a party here, filed an action the Superior Court of Arizona in Maricopa County, seeking a declaration that it did not abuse its discretion in denying Riggs' appeal and that its decision would not constitute a breach of the settlement agreement. DSOF ¶ 40.

On November 28, 2008, judgment entered in the Superior Court action declaring that the "dispute involves the interpretation of a routine settlement agreement between Ms. Riggs and the Bank of America and not an ERISA determination." Plaintiff's Reply, exhibit A at 2-3. The court concluded that, according to the clear terms of the settlement agreement, Riggs is entitled to receive active employee benefits. Id. at 3. Riggs now argues that judgment is res judicata with respect to BofA's counterclaim, in which BofA seeks a declaration that it is not obligated under the settlement agreement to provide Riggs with active employee benefits. Amended Answer/Counterclaim ¶ 26.

## II. Counterclaim

Res judicata requires (1) identity of the claims, (2) identity or privity between the parties, and (3) a final judgment on the merits in the previous litigation. In re Gen. Adjudication of All Rights to Use Water, 212 Ariz. 64, 69-70, 127 P.3d 882, 887-88 (2006).[2] There is no dispute that a final judgment was entered on the same claim presented in BofA's counterclaim—namely whether the settlement agreement entitles Riggs to active employee benefits. BofA argues, however, that it and the Appeals Committee are separate legal entities, and because it was not a party to the state court action, the judgment has no preclusive effect against it.

In general, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party." Hansberry v. Lee, 311 U.S. 32, 40, 61 S. Ct. 115, 117 (1940). Exceptions to this rule exist, however, including where a person agrees to be bound by the

---

[2]In diversity jurisdiction cases, federal law incorporates state law rules of preclusion. Taylor v. Sturgell, 128 S. Ct. 2161, 2171 n.4 (2008).

1 determination of issues in an action between others. Taylor v. Sturgell, 128 S. Ct. 2161, 2172-73 (2008).

Here, not only did BofA impliedly agree to be bound by the state court determination when it delegated to the Appeals Committee the authority to review and finally rule on its denial of Riggs' claim, but through this process it also induced Riggs' belief that it would be bound by the judgment. Id.; See also Restatement (Second) of Judgments § 62 (1982). Therefore, the state court judgment has preclusive effect and BofA is bound by the conclusion that, according to the terms of the settlement agreement, Riggs is entitled to active employee benefits.[3] Therefore, BofA's motion for summary judgment on its counterclaim is denied (doc. 60), and Riggs' cross-motion for summary judgment on the counterclaim is granted (doc. 73).

### III.  Breach of Good Faith and Fair Dealing Claim

Riggs claims that BofA breached the covenant of good faith and fair dealing arising from the settlement agreement by engaging in "deceptive, unfair, dishonest and self-serving conduct." Complaint ¶ 18. She claims that as a result of the breach she has suffered "significant damage to her health, as well as financial and emotional damages." Id. ¶ 19. She further claims that because a "special relationship" existed with BofA, she is entitled to tort damages, including punitive damages, for BofA's breach.

The covenant of good faith and fair dealing is legally implied in every contract. Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985). A party may breach the implied covenant if he acts to deprive the other party of the reasonably expected benefits of the agreement. Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons, 201 Ariz. 474, 490, 38 P.3d 12, 28 (2002). A breach of the implied covenant may occur even in the absence of a breach of an express term in the contract. Id. at 491, 38 P.3d at 29.

---

[3]Alternatively, if the state court judgment did not have preclusive effect, we would reach the same conclusion as did the state court.

- 4 -

Riggs claims that BofA improperly denied its obligation to provide her with active employee benefits that she reasonably expected to receive. BofA's argument that it did not breach the covenant of good faith and fair dealing because it had no obligation under the settlement agreement to provide active employee benefits, BofA's Motion at 7-8, is foreclosed in light of the state court's holding that the clear language of the settlement agreement provides Riggs with active employee coverage.

The state court's judgment, however, does not extend to other aspects of the claim for breach of the duty of good faith and fair dealing. This is a fact intensive inquiry and one that cannot be resolved on the briefings before us. To be sure, a jury could reasonably find that BofA breached its duty of good faith and fair dealing by taking the position, for an unfair or improper reason, that Riggs was not entitled to receive active employee benefits.[4] See, e.g., Beaudry v. Ins. Co. of the West, 203 Ariz. 86, 91, 50 P.3d 836, 841 (Ct. App. 2002). But liability is only part of the inquiry. Damages is also an essential element of Riggs' prima facie claim for breach of the implied covenant of good faith and fair dealing. United Dairymen of Arizona v. Schugg, 212 Ariz. 133, 139, 128 P.3d 756, 762 (Ct. App. 2006). Because Riggs has consistently received what she claims she is entitled to under the contract, it is unclear whether she has suffered any contract damages (over and above her fees here), and thus may be unable to establish her prima facie case. Instead, it appears that the heart of this matter lies in whether tort damages are available.

The general rule is that a plaintiff's recovery for breach of the covenant of good faith and fair dealing is limited to the amount due under the contract absent a showing of "a special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility." Burkons v. Ticor Title Ins. Co., 168 Ariz. 345, 355, 813 P.2d 710, 720 (1991). These "special relationships" include "those undertaken for something

---

[4] While the issue of bad faith was not litigated in the state court (and therefore not preclusive), we note that the state court was of the view that the Appeals Committee's ruling was an "arbitrary and capricious repudiation of the Bank's settlement agreement with Riggs." Plaintiff's Reply, exhibit A at 3.

- 5 -

1  more than[,] or other than[,] commercial advantage, such as the procurement of service,
2  professional help, security, or other intangibles." Id. Generally, "special relationships" in
3  the insurance context are found to exist between an insurer and the insured where the special
4  duty is appropriate because of "an unequal bargaining position between the insured and the
5  insurance company." Noble v. Nat'l Am. Life Ins. Co., 128 Ariz. 188, 189, 624 P.2d 866,
6  867 (1981). This is not the case presented here. First, BofA is a former employer, not an
7  insurer. Second, Riggs' entitlement to healthcare benefits arises not from an insurance
8  contract, but from a settlement agreement negotiated by parties represented by counsel. This
9  is an ordinary business contract that does not create a special relationship that would justify
10 the imposition of tort damages, including punitive damages.

11     Because Riggs is not entitled to tort damages, Riggs' claim for breach of the covenant
12 of good faith and fair dealing depends not only on whether she can show that BofA's conduct
13 constituted a breach of its implied duty, but also whether she suffered any contractual
14 damages as a result. These are issues that cannot be resolved on the present motions for
15 summary judgment.

## IV. Conclusion

17 **IT IS ORDERED GRANTING** Riggs' motion for summary judgment on the
18 counterclaim (doc. 73). **IT IS FURTHER ORDERED DENYING** BofA's motion for
19 summary judgment on the counterclaim and on Riggs' claim for breach of the duty of good
20 faith and fair dealing (in contract), **AND GRANTING** BofA's motion for summary
21 judgment on Riggs' claim for tort and punitive damages (doc. 60).

22     DATED this 28th day of January, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 6 -