1  **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carol Riggs, | ) | No. CV-07-1855-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of America, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Bank of America, N.A., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carol Riggs, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

The court has before it plaintiff's motion for attorney's fees (doc. 101) and memorandum in support (doc. 105), and defendant's response (doc. 107). We also have defendant's motion for attorney's fees (doc. 102) and memorandum in support (doc. 106), plaintiff's response (doc. 108), and defendant's reply (doc. 111). Finally, we have plaintiff's motion for an evidentiary hearing (doc. 109) and defendant's response (doc. 112).

Riggs is a former employee of Bank of America ("BofA"). In 1999, she filed a constructive discharge claim against BofA that resulted in a 2002 settlement agreement that

provided for, among other things, Riggs' eligibility for continued health care benefits under BofA's health benefits plan (the "Plan"). Since 2002, the parties have been contesting whether Riggs is entitled to the same health benefits as an active employee or is entitled to supplemental Medicare benefits only.

In August 2007, Riggs commenced this action in state court, alleging breach of the implied covenant of good faith and fair dealing. On September 27, 2007, BofA removed the action to this court and filed a declaratory judgment counterclaim seeking a declaration that it was not obligated to provide Riggs with active employee benefits. At about the same time, BofA's fiduciary, charged with discretionary authority to construe the terms of the Plan, filed an action in the Superior Court of Arizona in Maricopa County, seeking a declaration that Riggs was not eligible for active employee benefits. On November 28, 2008, the Superior Court ruled that, according to the clear language of the settlement agreement, Riggs is entitled to active employee benefits.

On January 29, 2009, we held that the state court's decision was res judicata to BofA's counterclaim and accordingly held that Riggs is entitled to active employee benefits (doc. 83). Accordingly, we entered judgment in favor of Riggs on the counterclaim. We also granted in part and denied in part BofA's motion for summary judgment on Riggs' claim for breach of the duty of good faith and fair dealing. With respect to damages, we concluded that no special relationship existed between Riggs and BofA to support tort damages. We denied the motion with respect to liability, however, concluding that issues of fact remained as to whether BofA's denial of Riggs' benefits was based on an improper or unfair motive. The parties ultimately settled the liability issue and judgment was entered in favor of Riggs on the counterclaim and in favor of BofA on the bad faith claim.

Both parties now seek attorney's fees pursuant to A.R.S. § 12-341.01, which authorizes the court to award reasonable attorney's fees to the "successful party" in a contested action arising out of contract. Two primary issues were presented in this case: first, whether BofA's refusal to provide Riggs with active employee benefits was a breach of its duty of good faith and fair dealing. We held that there were issues of fact on the bad

- 2 -

faith claim. However, we also held that while Riggs would be entitled to contract damages for any breach, she would not be entitled to tort damages because no special relationship existed to support a tort claim. Because her contract damages were the same as her already paid insurance, the parties stipulated to judgment in favor of BofA on the bad faith claim.

The second issue was whether Riggs is entitled to receive active employee health benefits. That issue was conclusively decided in Riggs' favor. Although BofA now attempts to characterize this claim as an insignificant or secondary issue in this litigation, it has been the central issue underlying the parties' dispute since the settlement agreement was entered into in 2002, and which the parties have been litigating since 2006.

While recognizing Riggs' clear success on the ultimate issue in this ongoing litigation, we conclude that because neither party prevailed on their respective claims for relief in this action, neither party is the successful party under A.R.S. § 12-341.01. Therefore, we decline to award either party attorney's fees. See Bank One, Ariz. v. Rouse, 181 Ariz. 36, 41, 887 P.2d 566, 571 (Ct. App. 1994).

**IT IS ORDERED DENYING** plaintiff's motion for attorney's fees (doc. 101) and **DENYING** defendant's motion for attorney's fees (doc. 102). **IT IS FURTHER ORDERED DENYING** plaintiff's motion for an evidentiary hearing (doc. 109).

DATED this 18th day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge